# EXHIBIT A

Philip D. Stern, NJ Attorney ID #045921984
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081-1315
(973) 379-7500

*Attorneys for Plaintiff, Brandi Deptula*

| | |
|---|---|
| BRANDI DEPTULA,<br><br>                              Plaintiff,<br><br>                vs.<br><br>MRS BPO, L.L.C.,<br><br>                              Defendant. | Superior Court of New Jersey<br>Law Division—Camden County<br><br>Civil Action<br><br>Docket No. CAM-L-003139-20<br><br>**SUMMONS** |

From **The State of New Jersey** to the Defendant:

# MRS BPO, L.L.C.

The plaintiff(s), named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. The office of the deputy clerk of the Superior Court in Camden County: Deputy Clerk of the Superior Court, Civil Processing Office, Hall of Justice, 1st Fl., Suite 150, 101 South 5th Street Camden, NJ 08103. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at **http://www.njcourts. gov/forms/10153_deptyclerklawref.pdf**.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at Division Management Office in the county listed about and online at **http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf**.

Dated: October 8, 2020

s/Michelle M. Smith
Michelle M. Smith, Clerk of the Superior Court
by Philip D. Stern, a New Jersey attorney at law

Name of Defendant to Be Served: **Jeffrey M. Freedman as Registered Agent for MRS BPO, L.L.C.**
Address of Defendant to Be Served: **1930 Olney Avenue, Cherry Hill, NJ 08003**

Philip D. Stern, NJ Attorney ID #045921984
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081-1315
(973) 379-7500

*Attorneys for Plaintiff, Brandi Deptula*

| | |
|---|---|
| BRANDI DEPTULA,<br><br>Plaintiff,<br><br>vs.<br><br>MRS BPO, L.L.C.,<br><br>Defendant. | **SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY**<br><br>*Civil Action*<br><br>Docket No. CAM-L-_____-20<br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND**<br>with Certification per *R.* 4:5-1 and<br>Designation of Trial Counsel |

Plaintiff, Brandi Deptula, residing in the State of Wisconsin, by and through counsel, by way of Complaint against Defendant, says:

### I.  PARTIES

1. Plaintiff, Brandi Deptula ("Deptula") is a natural person.

2. Deptula is a citizen of the State of Wisconsin.

3. Defendant, MRS BPO, L.L.C. ("MRS") is a for profit limited liability company of the State of New Jersey.

4. On information and belief, a principal business location of MRS is in Camden County at 1930 Olney Avenue, Cherry Hill, New Jersey.

## II.   NATURE OF THE ACTION

5.  This action stems from the MRS's practices and procedures when attempting to collect consumer debts whereby MRS uses a form collection letter which is false, deceptive, and misleading to the least sophisticated consumer in breach of MRS's duties to Ms. Deptula and other consumers arising under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.

## III.   FACTS

6.  MRS regularly engages in the collection or attempted collection of defaulted consumer debts owed or allegedly owed to others.

7.  MRS is a business, the principal purpose of which is the collection of defaulted consumer debts which uses instruments of interstate commerce such as the mails, the telephone, and the internet.

8.  On or shortly after September 23, 2019, MRS mailed or caused to be mailed a letter ("Letter") to Ms. Deptula dated September 23, 2019.

9.  The entirety of the Letter's contents is reproduced below:



|  MRS | Send Payment/Correspondence to:<br>MRS BPO, L.L.C.<br>1930 OLNEY AVE.<br>CHERRY HILL, NJ 08003<br>800-949-3249 | CREDITOR: VOLKSWAGEN CREDIT<br>MRS ACCT#: LU1.10668371<br>CREDITOR ACCT#: xxxx6931<br>**ACCOUNT BALANCE : $6,137.06** |
|---|---|---|
| | Office Hours:<br>Monday - Thursday  9am - 9pm ET<br>Friday                         9am - 5pm ET | September 23, 2019 |

Dear BRANDI L DEPTULA,

We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options to resolve your balance. We are not obligated to renew this offer.

Option 1: A monthly payment plan on the full balance of the account.

Option 2: You pay $3,068.54 in ONE PAYMENT to be received in this office on or before 10/04/2019.

Option 3: You make TWO PAYMENTS of $1,841.12 each. The first payment to be received in this office on or before 10/04/2019 and the second payment on or before 11/01/2019.

Payment may be made by calling 800-949-3249, mailing to the above address or by using our online payment website at https://mrspay.webview.com.

When you call please let our representative know that you have received the VOLKSWAGEN CREDIT Option Letter.

10. The Letter alleged Ms. Deptula had defaulted on a financial obligation (the "Debt") owed to Volkswagen Credit.

11. The Debt arose out of the purchase of an automobile which, at the time the Debt was incurred, Ms. Deptula intended to use it primarily for personal, family, or household purposes and she did, in fact, use it for those purposes.

12. After default, the Debt was placed with MRS for purposes of collection.

13. Through the use of its Letter, MRS created a sense of urgency characteristic of one-time take-it-or-leave-it settlement offers by requiring an offer to be accepted only by its receipt of a payment and fixing the deadline for payment just eleven days after the date of the Letter and stating, "We are not obligated to renew this offer."

14. With the Letter being mailed on September 23 and the deadline for MRS to receive a payment by October 4, Ms. Deptula had less than 10 days within which to accept any of the offers discounting the amount of the debt thereby creating a sense of urgency which could lead the least sophisticated consumer into making a decision about when to pay the Debt which would not have been made had the Letter not created the sense of urgency.

15. In fact, MRS would have honored the acceptance of the offered settlement if payment were made at anytime while the Debt was placed with MRS for collection. In addition, during the time when the Debt was placed with MRS for collection, MRS was

obligated to renew the settlement offers either as stated in the Letter or on terms more favorable to Ms. Deptula.

16. Thus, MRS created a false sense of urgency which could materially affect the financial decisions of the least sophisticated consumer and misrepresented that it was not obligated to renew the settlement offers.

17. Under the FDCPA, MRS owed Ms. Deptula a duty to be truthful—more precisely, to not use false, deceptive, or misleading representations or means when attempting to collect the Debt from her. 15 U.S.C. § 1692e. Therefore, Ms. Deptula had the right to receive only truthful, non-deceptive, and non-misleading communications from MRS but MRS invaded those substantive rights when it mailed the Letter to her.

### IV. CLASS ALLEGATIONS

18. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth here at length.

19. The Letter is a form letter. Specifically, the Letter was created by merging electronically-stored information specific to the Debt (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letter.

20. MRS's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by

Case 1:20-cv-15689-RBK-KMW Document 1-1 Filed 11/09/20 Page 7 of 13 PageID: 9
CAM-L-003139-20 09/22/2020 4:41:43 PM Pg 5 of 9 Trans ID: LCV20201673221

Plaintiff, both individually and on behalf of similarly situated individuals, pursuant to R. 4:32-1-2.

21. Plaintiff seeks to certify a class and pursuant to R. 4:32-1(a) and (b)(3).

22. *Class Definition.* The Class is defined as:

> All natural persons to whom MRS mailed a letter to a Wisconsin address from September 22, 2019 through October 31, 2020 where: (*i*) the letter contained an offer to settle a debt owed to Volkwagen Credit for less than the full amount of the debt, (*ii*) the stated offer required either one or two payments with a stated deadline for each payment, and (*iii*) the letter included the statement, "We are not obligated to renew this offer."

23. *Class Claims.* The Class Claims are the claims which each Class member may have arising from MRS having mailed to the Class member a letter as described in the Class definition.

24. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of R. 4:32-1(a) because there is a well-defined community interest in the litigation based on the following:

24.01. *Ascertainability.* The identities of the Class members are readily ascertainable from MRS's business records and the business records of those entities on whose behalf it collects debts.

24.02. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

24.03. *Commonality.* Common questions of law and fact exist among Plaintiff and all members of the Class.

24.04. *Typicality.* The claims of Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

24.05. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

24.06. *Predominance and Superiority.* Certification of a class under R. 4:32-1(b)(3) is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may seek class certification: (a) only as to particular issues as permitted under R. 4:32(d), (b) using a modified definition of the Class or the Class Claims; and (c) a different Class Period.

## V.   CAUSE OF ACTION

26.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth here at length.

27.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28.   The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

29.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

30.   The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31.   The use and mailing of the Letter by Defendant violated the FDCPA in one or more following ways:

   31.01.   Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   31.02.   Falsely representing the character, amount or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(a);

   31.03.   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation 15 U.S.C. § 1692e(10).

32.   The FDCPA, under 15 U.S.C. § 1692k(a), provides for a private right of action against a debt collector who violates the rights of a consumer which arise under that Act and renders the debt collector liable for:

   32.01.   Actual damages (but Plaintiff does not seek any actual damages);

32.02.  Statutory damages for the Plaintiff to which she is limited to $1,000 and, for the Class, to the lesser of $500,000 or 1% of MRS's net worth; and

32.03.  An award of reasonable attorney's fees and costs.

## VI. PRAYER FOR RELIEF

33.  WHEREFORE, Plaintiff, Brandi Deptula respectfully requests the Court enter judgment against Defendant, MRS BPO, L.L.C., for:

33.01.  Certification of this action as a class action pursuant to R. 4:32-1 including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

33.02.  An award of statutory damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

33.03.  An award to Plaintiff of an incentive payment for her services on behalf of the Class;

33.04.  An award of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

33.05.  An award, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and

33.06. Such other and further legal and equitable relief as may be just and proper.

### VII. JURY DEMAND

Trial by jury is demanded on all issues so triable.

Stern•Thomasson LLP
Attorneys for Plaintiff, Brandi Deptula

By: s/Philip D. Stern
Dated: September 22, 2020      Philip D. Stern

### VIII. CERTIFICATIONS PURSUANT TO R. 1:38-7 AND R. 4:5-1

I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action, EXCEPT: None.

s/Philip D. Stern
Dated: September 22, 2020      Philip D. Stern

### IX. DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:25-4

Plaintiff, Brandi Deptula designates Philip D. Stern as counsel to try this case.

s/Philip D. Stern
Dated: September 22, 2020      Philip D. Stern

# Civil Case Information Statement

### Case Details: CAMDEN | Civil Part Docket# L-003139-20

**Case Caption:** DEPTULA BRANDI VS MRS BPO, L.L.C.
**Case Initiation Date:** 09/22/2020
**Attorney Name:** PHILIP D STERN
**Firm Name:** STERN THOMASSON LLP
**Address:** 150 MORRIS AVE STE 205
SPRINGFIELD NJ 07081
**Phone:** 9733797500
**Name of Party:** PLAINTIFF : Deptula, Brandi
**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** TORT-OTHER
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Brandi Deptula?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
This a putative class action against a New Jersey debt collector alleging violations of the federal Fair Debt Collection Practices Act when it sent form letters to Wisconsin consumers.

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/22/2020
Dated

/s/ PHILIP D STERN
Signed

```
CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN           NJ 08103
                                             TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:    SEPTEMBER 22, 2020
                          RE:      DEPTULA BRANDI  VS MRS BPO, L.L.C.
                          DOCKET:  CAM L -003139 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     THE MANAGING JUDGE ASSIGNED IS:  HON SHERRI L. SCHWEITZER

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 302
AT: (856) 650-9100 EXT 43143.

     THE ABOVE CASE HAS BEEN REMOVED FROM THE EXPEDITED CIVIL ACTIONS (ECA) PILOT
PROGRAM PURSUANT TO AN ORDER OF THE COURT.  DISCOVERY IS THE APPLICABLE NUMBER OF DAYS FOR
A STANDARD TRACK   2 CASE. RUNNING FROM THE DATE OF THE FILING OF THE FIRST RESPONSIVE
PLEADING.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
  CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                           ATT: PHILIP D. STERN
                                           STERN THOMASSON LLP
                                           150 MORRIS AVE
                                           STE 205
                                           SPRINGFIELD     NJ 07081
ECOURTS
```